IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF MASSACHUSETTS

MARIO JALBERT

Plaintiff

v.

TIMOTHY GRAUTSKI, individually and d/b/a ADD-A-SIGN, ROGERS PRINTING, LARRY SWIHART, individually and d/b/a F & M TOWING SERVICE, NORMAN CAMIRE and LISA LEBLANC

Defendants

CIVIL ACTION NO: 06-40040-FDS

**AMENDED COMPLAINT**

**INTRODUCTION**

1. This is an action for damages in connection with copyright infringement in violation of 17 U.S.C. § 101 et seq., injunctive relief, false designation or description of origin and unfair competition in violation of 15 U.S.C. §1125(a) in connection with a graphic print titled Boston Sports Print, created by the Plaintiff Mario Jalbert. The claims in this suit are based on the unauthorized coping and/or distribution and use of the Plaintiff's graphic print by the Defendants. Throughout this Compliant, the Boston Sports Print is referred to as "the Work."

**THE PARTIES**

2. Plaintiff, Mario Jalbert ("the Plaintiff" or "Jalbert"), is a natural person residing at 127 Highland St, Gardner, MA 01440.

3. Timothy Grautski is a natural person using an address at 136 Pond Street, Leominster, MA. At all times relevant, Grautski was doing business as Add-a-Sign,

although he engaged in conduct outside the realm of the printing business which harmed the Plaintiff in a manner which demonstrates liability under federal copyright liability in a personal manner.

4. Defendant, Add-A-Sign ("Add-A-Sign" and, in conjunction with the other Defendants, "the Defendants"), is a Massachusetts business entity located at 136 Pond St., Leominster, Worcester County in the Commonwealth of Massachusetts. At all times relevant to this suit, Add-A-Sign was located at 20 Pond Street, Leominster.

5. Defendant, Rogers Printing, ("Rogers" and, in conjunction with the other Defendants, "the Defendants") is a Massachusetts business entity located at 136 Pond Street, Leominster, Worcester County, in the Commonwealth of Massachusetts.

6. Defendant, Larry Swihart ("Swihart"), is a natural person residing at 191 State Rd. West, Westminster, MA. At all times relevant, Swihart was doing business as F & M Towing, although he engaged in conduct outside the realm of the towing business which harmed the Plaintiff in a manner which demonstrates liability under federal copyright liability in a personal manner.

7. Defendant, F&M Towing Service ("F & M" and, in conjunction with the other Defendants, "the Defendants"), is a Massachusetts business entity located at 191 State Rd., Westminster, Worcester County in the Commonwealth of Massachusetts.

8. Defendant, Lisa LeBlanc is a natural person residing at 136 Pond Street, Leominster, Worcester County, in the Commonwealth of Massachusetts.

9. Defendant Norman Camire is a natural person residing at 121 Morse Ave., Winchendon, in the Commonwealth of Massachusetts.

**JURISDICTION AND VENUE**

10. This action is brought pursuant to 28 U.S.C. §§ 1338(a)-(c), 28 U.S.C. §§ 1391(b)(2) and 1400(a), a well as17 U.S.C. and 1343, and 17 U.S.C § 101 et seq. and 15 U.S.C § 1125(a). This Court has jurisdiction and venue specifically delegated to it by act of the United States Congress, as it seeks to redress violations of federal copyright law and other federal statutes that confer jurisdiction and venue in this Court.

**GENERAL ALLEGATIONS**

11. In or about June of 2004, Jalbert created an original art work titled Boston Sports Print ("the Work").

12. Jalbert promptly applied for copyright protection for the Work and was granted a copyright registration #Txu-194-569 on August 9, 2004 (see attached Exhibit 1).

13. In or about the summer of 2004, the Plaintiff, Jalbert contacted Add-A-Sign and discussed with him his desire to have copies of the Work printed and mounted for the purpose of retail marketing and distribution.

14. Add-A-Sign was provided a disk containing a representation of the Work.

15. The Work clearly contained a copyright notice on the lower right hand corner of the Work.

16. On June 30, 2004, Add-A-Sign printed and mounted 20 prints for the Plaintiff, which the Plaintiff picked up and which were sold.

17. The Plaintiff requested Add-A-Sign to print an additional 1,000 prints.  Add-A-Sign indicated it could not print this quantity.

18. With the Plaintiff's consent, Add-A-Sign sent the Work to Rogers to print the Work as Add-A-Sign's agent in order to perform the contract with the Plaintiff.

19. Upon information and belief, Add-A-Sign provided Rogers with the original disk received from the Plaintiff.

20. Rogers was retained to print 1,000 copies of the Work.

21. Two hundred copies of the Work were immediately given by Rogers to Add-A-Sign for mounting, of which 100 were laminated on the back only so the front could be signed and numbered.  These were picked up in late August.  The remaining 100 were laminated on both sides, and picked up at a later date.

22. In early June of 2005, the Plaintiff learned that copies of the Work had been distributed to various individuals and businesses, without Plaintiff's authorization, and without payment.  Specifically, an unauthorized copy of the Work was in the personal possession Lisa Le Blanc, an employee of Rogers, and a large quantity of prints were seen at the premises of F&M Towing Service, a company which had no involvement in the contract between the Plaintiff and Add-A-Sign or Rogers.

23. On June 23, 2005 Plaintiff notified the Defendants that copies of the Work had been distributed without his authorization and asked that they cease and desist from any further distribution, and that all unauthorized distributions be recovered.

24. On or about July 21, 2005, F&M Towing notified Plaintiff that a part time truck driver who was also working for Add-A-Sign took a supply of prints from Add-A-

Sign and brought them to F&M Towing. On information and belief, this individual left quantities of the Work at other locations.

25. This part-time driver was Norman Camire, who was apparently an employee of both Add-a-Sign and F & M Towing, who brought the prints from Add-a-Sign to F & M Towing and apparently other entities for the purpose of unlawful distribution.

26. The Defendants have provided no explanation why Rogers and Add-A-Sign permitted the Work to be removed and distributed.

27. At this time, it is believed that hundreds of unauthorized copies of the Work have been distributed.

28. The Defendants have refused to cooperate in locating and retrieving unauthorized copies of the Work, have failed to account for the proceeds of the unauthorized work and have otherwise failed to rectify the contact of the unlawful distribution of the work, and have otherwise failed to comport their conduct to federal and state law, despite demand.

<u>COUNT I</u>

VIOLATION OF 17 U.S.C. § 101

29. The Plaintiff restates paragraphs 1-28 and incorporates them herein by reference.

30. The Defendants engaged in knowing, willful and direct violation of the Plaintiff's copyright rights.

31. The Defendants have refused to act to undue their harm, and have otherwise continued to infringe and interfere in the Plaintiff's copyright rights, and each of them has, individually, corporately, jointly, severally and in contribution, have interfered in the Plaintiff's copyright rights.

32. The Defendants conduct violates 17 U.S.C. § 101.

33. As a result of the direct and vicarious violations of this statute, the Plaintiff has been harmed.

COUNT II

VIOLATION OF 15 U.S.C. § 1125(a)

ALL DEFENDANTS

34. The Plaintiff restates paragraphs 1-33 and incorporates them herein by reference.

35. The Plaintiff is entitled to the greater value of the Work or the profits earned by the Defendants as a result of these violations, or its statutory damages as permitted by law.

COUNT III

COMMON LAW CONVERSION

ALL DEFENDANTS

36. The Plaintiff restates paragraphs 1-35 as if specifically alleged herein, and incorporates said paragraphs by reference

37. The Defendants have converted the Plaintiff's name, reputation, goodwill, income and other assets under circumstances in which the Defendants knew that their conduct was wrong and improper.

38. As a result of the Defendants' conversion, the Plaintiff has been harmed.

COUNT IV

UNFAIR AND DECEPTIVE TRADE PRACTICES

GL. c. 93A

(v. F & M Towing, Add-a-Sign and Rogers Printing)

39. The Plaintiff restates paragraphs 1-38 as if specifically alleged herein, and incorporates said paragraphs by reference

40. All and each of the Defendants are engaged in trade or commerce as defined by GL c. 93A.

41. The Defendants violated c. 93A by engaging in willful torts and conversion as identified herein, including the infringement of the Plaintiff's copyright on the Work.

42. As a result of the Defendants' conduct, the Plaintiff has been harmed.

COUNT V

NEGLIGENT SUPERVISION

(v. F & M Towing and Add-a-Sign)

43. The Plaintiff restates paragraphs 1-42 as if specifically alleged herein, and incorporates said paragraphs by reference

44. F & M Towing and Add-a-Sign had a duty to ensure that their employees and agents, Grautski, Swihart and Camire, acted in a law-abiding capacity.

45. F & M Towing and Add-a-Sign breached this duty by allowing these individuals to engaged in unlawful distribution of the Plaintiff's work.

46. As a result of this breach of duty, the Plaintiff has been harmed.

WHEREFORE, the Plaintiff prays for the following relief:

1. That this Honorable Court enter judgment against the Defendants
2. That this Honorable Court declare that the Defendants have violated the Plaintiff's rights to be free from copyright infringement, and that the Defendants have otherwise acted unfairly and unlawfully toward the Plaintiff's rights.

3. That this Honorable Court enter negative injunctive relief precluding and enjoining the Defendants from:
    a. infringing on the Plaintiff's copyright
    b. profiting from the Plaintiff's copyright
    c. distributing the Work without authorization
    d. making copies or replicas or the Work without authorization
    e. providing copies of the Work to any party without express written authorization by the Plaintiff
4. That this Honorable Court enter positive injunctive relief ordering the Defendants to:
    a. make diligent efforts to locate the missing copies of the Work
    b. identify the location of the missing Work
    c. explain the inability to locate any copies of the Work
    d. identify the profits derived from the Work
    e. make diligent efforts to recover the Work
    f. return the Work to the Plaintiff
5. Award the Plaintiff his damages in the amount of $150,000 per violation per Defendant,
6. Award the Plaintiff treble damages and attorney's fees;
7. Award the Plaintiff compensatory damages in an amount that will make the Plaintiff whole;  and
8. Any other relief deemed appropriate and just by the Court.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

Respectfully Submitted,
**The Plaintiff,**
By his attorneys,

s/Robert N. Meltzer___________
Robert N. Meltzer, BBO #564745
P.O. Box 1459
Framingham, MA 01701
Phone: (508) 872-7116

s/Mary C. Casey_____________
Mary C. Casey, BBO #636250
Harbor Law Group
48 Maple Avenue
Shrewsbury, MA 01545
Phone: (508) 842-9244

Dated: June 26, 2006